**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re:  CURTIS DALE DEWEY, also
known as Curtis D. Dewey,

Debtor.

----------------------------------------

CURTIS DALE DEWEY,

Appellant,

v.

DORIS DEWEY,

Appellee.

No. 98-8082
(BAP No. WY-97-095)
(Bankr. No. 97-21166)
(D. Wyo.)

---

**ORDER AND JUDGMENT**   *

---

Before **TACHA** , **KELLY** , and **LUCERO** , Circuit Judges.

Debtor Curtis Dale Dewey appeals an order in which the bankruptcy court

sustained an objection filed by appellee Doris Dewey, debtor's former spouse, to

the confirmation of debtor's Chapter 13 plan.  The Tenth Circuit Bankruptcy

Appellate Panel (BAP) affirmed the bankruptcy court's decision.      Dewey v.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dewey (In re Dewey), 223 B.R. 559, 561 (B.A.P. 10th Cir. 1998). Debtor now appeals to this court. We affirm.

Debtor and appellee filed a Property Settlement Agreement ("Agreement") in Wyoming state court. Under the Agreement, debtor is responsible for seventeen debts exceeding $119,000 and appellee is responsible for one credit card debt of $50. The Agreement does not provide for monthly alimony or support payments to appellee. After the Deweys filed the Agreement, the state court entered a Decree of Divorce that essentially copies the terms of the Agreement. Debtor then filed for protection under Chapter 13. Debtor listed appellee as a codebtor on seven debts, six of which are listed as debtor's debts in the Agreement and divorce decree. Debtor thereafter submitted a Chapter 13 plan to which appellee objected.

The bankruptcy court found that certain joint obligations debtor was ordered to pay under the divorce decree created a contingent claim in the nature of support on appellee's behalf that was entitled to priority under 11 U.S.C. § 507(a)(7). The bankruptcy court further found that debtor's Chapter 13 plan failed to provide for payment of appellee's priority claim as required by 11 U.S.C. § 1322(a)(2). Thus, the bankruptcy court denied confirmation of debtor's plan. We review for clear error a bankruptcy court's finding that an obligation to a former spouse is in the nature of support. Young v. Young (In re Young), 35 F.3d

499, 500 (10th Cir. 1994) (citing Sampson v. Sampson (In re Sampson), 997 F.2d 717, 721 (10th Cir. 1993)).

Debtor makes the following arguments: (1) the parties did not intend to create an obligation of spousal support in the Agreement or the divorce decree and the obligation is not in the nature of support, (2) much of the evidence provided by appellee is not admissible because the language of the Agreement and the divorce decree is clear and unambiguous, (3) the divorce decree should not be relitigated in the bankruptcy court under the principles of collateral estoppel, and (4) judicial estoppel prohibits appellee from claiming debtor's debts are for support when she agreed to waive support under the Agreement.

The BAP considered and rejected each of debtor's arguments in a thorough and well-reasoned opinion. Based upon our review of the record, the parties' briefs, and our independent research, we conclude that the BAP properly denied debtor's appeal. The bankruptcy court's findings are not clearly erroneous. Therefore, we affirm the judgment of the bankruptcy court for substantially the same reasons set forth by the BAP in Dewey v. Dewey (In re Dewey), 223 B.R. 559 (B.A.P. 10th Cir. 1998).

AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge